UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MELINDIA JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IDS PROPERTY AND CASUALTY )<br>INSURANCE CO., )<br>)<br>Defendant. )<br>_____) | Case No. 1:14-cv-524<br><br>Honorable Paul L. Maloney<br><br>**REPORT AND RECOMMENDATION** |

This is the second civil action brought by a *pro se* plaintiff against a no-fault insurance carrier, alleging wrongful denial of benefits under a no-fault policy. In the first case (*Jackson v. Member Select Insurance Group*, case no. 1:14-cv-229), I issued a report and recommendation dated May 9, 2014, recommending that the case be dismissed for failure to state a claim upon which relief can be granted under any federal law. Plaintiff's claim was clearly a first-party no-fault case arising under Michigan law, which must be brought in the Michigan courts in the absence of diversity of citizenship. The time for objections to the report and recommendation has not yet expired in that case.

On May 12, 2014, plaintiff filed a similar complaint against IDS Property and Casualty Insurance Company, which she identifies as another no-fault carrier. Plaintiff's claim arises from an automobile accident that occurred on May 14, 2011. Plaintiff's *pro se* complaint alleges no

facts. It asserts that the insurance company deprived plaintiff of insurance benefits in violation of 42 U.S.C. § 1983 and also mentions retaliation under the Americans With Disabilities Act.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if she pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton*

*v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff has stated no plausible federal claim against her insurer.

As was true with plaintiff's previous case, plaintiff's complaint does not state any plausible claim under either of the federal laws that she seeks to invoke. 42 U.S.C. § 1983 creates a private cause of action for deprivation of federally guaranteed rights by a person acting under color of state law. The defendant here is not a state actor, but a private insurance company. In order to act under color of state law, a defendant in a section 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). To qualify as state action, the defendant's conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff's complaint contains no allegation of facts that would remotely suggest that the defendant insurance company acted under color of state law when it denied her no-fault benefits.

Plaintiff's invocation of the anti-retaliation provisions of the Americans With Disabilities Act is also unavailing. The anti-retaliation provision of the ADA prohibits discrimination against any individual because the person has opposed any act or practice made unlawful by the statute or has made a charge, testified, or participated in any manner in an investigation, proceeding or hearing under the ADA. 42 U.S.C. § 12203(a). The allegations in plaintiff's complaint, accepted as true, do not indicate that plaintiff opposed any act made unlawful by the ADA or participated in any proceeding under the statute. The complaint, to the extent that it is intelligible, alleges only that defendant's employees retaliated against plaintiff "for reporting her complaint to the Stat [sic] Insurance Bureau." Again, plaintiff's claim arises only under state law,

and her attempts to make a federal case out of her dispute with the insurance company are unavailing.

### **Recommended Disposition**

For the foregoing reasons, I recommend that all federal claims in plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. Any state-law claims should be dismissed without prejudice for lack of subject-matter jurisdiction.

Dated: May 19, 2014              /s/ Joseph G. Scoville
                                 United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).